UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRAVELERS UNITED, INC.<br><br>Plaintiff,<br><br>v.<br><br>SONESTA INTERNATIONAL HOTELS CORPORATION<br><br>Defendant. | Federal Case No.<br><br>(Removed from the Superior Court of the District of Columbia, Case No. 2023-CAB-005254) |

**DEFENDANT SONESTA INTERNATIONAL HOTELS CORPORATION'S
NOTICE OF REMOVAL**

Defendant Sonesta International Hotels Corporation ("Sonesta") hereby removes this action, case no. 2023-CAB-005254, from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia under 28 U.S.C. § 1441(a).[1] This Court has jurisdiction (1) pursuant to the Class Action Fairness Act ("CAFA") under 28 U.S.C. § 1332(d) and (2) diversity of citizenship under 28 U.S.C. § 1332(a). Venue is proper under 28 U.S.C. § 1441(a) because the Superior Court of the District of Columbia, where this case was filed, is coextensive with this District. This Notice of Removal complies with 28 U.S.C. § 1446.

### I. THE STATE COURT ACTION

1. On August 24, 2023, Plaintiff Travelers United Inc. ("Travelers") filed a class action complaint ("Complaint") against Sonesta in the Superior Court of the District of Columbia.

---

[1] 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant."

1

In accordance with 28 U.S.C. § 1446(a), the Complaint and all other process, pleadings, and orders filed in this action are attached as **Exhibits A-H**.

2.  Travelers' asserts one claim under the District of Columbia Consumer Protection Procedures Act ("CPPA") alleging Sonesta falsely advertised its hotel room rates through added fees. Compl. ¶¶ 1-9; 108-121. Travelers brings its claim on behalf of proposed classes of District of Columbia and Nationwide consumers. *See id.* ¶¶ 93-95.

## II.  REMOVAL TO THIS COURT IS TIMELY

3.  An action may be removed from state court by filing a notice of removal within thirty days of Sonesta receiving service of the initial pleading. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding the thirty-day removal period runs from the service of the summons and complaint). Travelers served its Complaint on Sonesta on August 25, 2023. *See* **Exhibit A-B**. Removal of this action is timely because this Notice of Removal was filed on September 25, 2023, within thirty days from service. *See* 28 U.S.C. § 1446(b).

## III.  VENUE IS PROPER

4.  This case is properly removed to this District because the Superior Court of the District of Columbia, where Travelers commenced this action, is located within the District of Columbia. *See* 28 U.S.C. § 100(2); *see generally* 28 U.S.C. §§ 1441(a), 1446(a).

## IV.  THIS COURT HAS JURISDICTION UNDER CAFA

5.  CAFA vests the United States district courts with original jurisdiction of any class action: (a) in which "any member of a class of plaintiffs is a citizen of a state different from any defendant"; (b) with a putative class of more than 100 members; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA

authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this action meets all the requirements for removal under CAFA.

**A.      This is a Covered Class Action.**

6.     Travelers describes its Complaint as "a class action pursuant to D.C. Rule of Civil Procedure 23" and seeks to bring the action on behalf of the following classes of similarly situated individuals:

> **National Class:** All individuals in the United States who booked a room at a Sonesta hotel within the District of Columbia for personal use and paid a resort, destination, and/or other similar fee to Sonesta.
>
> **District Class:** All residents of the District of Columbia who booked a room at a Sonesta hotel within the United States for personal use and paid a resort, destination, and/or other similar fee to Sonesta.

Compl. ¶¶ 93-95. This action therefore meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or *similar State statute* or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B) (emphasis added). D.C. Rule of Civil Procedure 23 is "nearly identical" to Federal Rule of Civil Procedure 23. *Clean Label Project Found. v. Mead Johnson & Co., LLC.,* No. 20-CV-3231 (TSC), 2023 WL 2733723, at *2 (D.D.C. Mar. 31, 2023).

**A.      Minimal Diversity of Citizenship Exists.**

7.     CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A). Minimal diversity of citizenship exists here because the putative class is, in part, comprised of District of Columbia consumers while Sonesta is incorporated in Maryland and maintains its principal place of business in Massachusetts.

8.     For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 828 (1989). A corporation

3

is a "citizen" of every state by which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c).

9.  Here, the putative class members from the "District Class" are "residents of the District of Columbia." Compl. ¶ 94. Sonesta is incorporated in Maryland and maintains its principal place of business in Massachusetts. *Id*. ¶¶ 12, 16. Accordingly, the minimal diversity requirement is satisfied because at least one member of the District Class will be a citizen of a state different from Sonesta. *See Chem. Toxin Working Grp. Inc. v. Johnson & Johnson,* No. 1:22-CV-1259-RCL, 2023 WL 2631492, at *2 (D.D.C. Mar. 24, 2023) (holding the minimal diversity requirement was satisfied when "the putative class [was] compromised of District of Columbia consumers" and the defendants were "corporations with their principal place of business and headquarters in New Jersey, . . . and incorporated in Delaware").

**B.   The Proposed Class Contains at Least 100 Members.**

10.  Travelers' Complaint is brought on behalf of "individuals in the United States who booked a room at a Sonesta hotel within the District of Columbia" and "residents of the District of Columbia who booked a room at a Sonesta hotel within the United States" for "personal use and paid a resort, destination, and/or other similar fee to Sonesta." Compl. ¶¶ 93-95. Travelers alleges the putative class members includes "tens of thousands or potentially millions of members." *Id.* ¶ 101. Accordingly, the proposed class, as Travelers agrees, undoubtedly consists of over 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

**C.   The Amount in Controversy Exceeds $5,000,000.**

11.  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where a "complaint seeks an unspecified amount of

4

damages" a defendant only needs to "establish the amount in controversy by a preponderance of the evidence." *Parker-Williams v. Charles Tini & Assocs.*, Inc., 53 F. Supp. 3d 149, 152 (D.D.C. 2014). A defendant is only required to provide "evidence establishing the amount . . . when the plaintiff contests, or the court questions, the defendant's allegations." *Owens,* 574 U.S. at 89.[2]

12. Under CAFA, the claims of the individual class members are "aggregated" to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6); *see also Standard Fire Ins. Co. v. Knowles,* 133 S. Ct. 1345, 1348 (2013) ("[T]he statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million.").

13. Travelers asserts one claim under the CPPA and seeks: (1) injunctive relief; (2) actual damages; (4) "treble damages of the actual damages" or "statutory damages of $1,500.00 per violation, whichever is greater"; (5) punitive damages; and (6) attorneys' fees and costs. *Id.* ¶¶ 108-121. Taken together, these categories of relief easily satisfy the requirement that the amount in controversy exceed $5,000,000.

14. The CPPA provides for the recovery of "actual damages" as well as "[t]reble damages, or $1,500 per violation, whichever is greater." D.C. Code § 28-3905(k)(2)(A)(i). Travelers alleges that its actual damages amount to "tens, if not hundreds, of millions of dollars" *not including* the "statutory penalties and punitive damages." Compl. ¶ 9, 22; *see also id.* ¶ 1. Further, assuming the putative class size is 10,000—the lowest amount estimated in Travelers' Complaint—the statutory damages would amount to an additional $15,000,000 (10,000 x 1,500 =

---

[2] In the event of a dispute over removal, Sonesta reserves the right to submit evidence establishing the amount in controversy exceeds the jurisdictional threshold.

15,000,000) in damages. *Id.* ¶ 101. Accordingly, the actual damage or statutory damage amounts satisfy the amount in controversy requirement alone.

15. The injunctive relief and attorneys' fees further support that the amount in controversy exceeds $5,000,000. "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Tatum v. Laird*, 444 F.2d 947, 956 n.6 (D.C. Cir. 1971), *rev'd on other grounds*, 408 U.S. 1 (1972). Travelers seeks to "[p]ermanently enjoin Sonesta . . . from advertising rates for hotel rooms that exclude mandatory resort, destination, and/or other similar fees" and "[p]ermanently enjoin Sonesta . . . from partitioning advertised hotel room prices from mandatory resort destination, and/or other similar fees, including discontinuing the practice of placing these mandatory fees under a "Taxes & Fees" heading at checkout." Compl. ¶ 121. Sonesta owns, manages, and franchises approximately 1,200 properties totaling 100,000 guest rooms. Sonesta advertises each of these properties and guest rooms on its website. Sonesta complying with this injunctive relief would, at a minimum, require an overhaul of its website, advertisements, and the amount charged for each room. This alone would cost Sonesta thousands, if not hundreds of thousands, of additional dollars.

16. Attorney's fees are also included in determining the amount in controversy where "they are provided for by a contract in issue or by a statute in controversy." *Griffin v. Coastal Int'l Sec., Inc.*, No. 06-cv-2246, 2007 WL 1601717, at *3 (D.D.C. June 4, 2007) (internal quotations omitted). As the CPPA provides for the recovery of attorneys' fees, they are properly included in satisfying the jurisdictional requirement. *See* D.C. Code § 28-3905(k)(2)(B).

17. Courts in CPPA cases commonly award attorneys' fees and costs that range into the hundreds of thousands of dollars. *See, e.g.*, Williams v. First Gov't Mortg. & Inv'rs' Corp., 225 F.3d 738, 745-47 (D.C. Cir. 2000) ($199,340); *Beck v. Test Masters Educ. Servs., Inc.*, 73 F.

6

Supp. 3d 12, 20 (D.D.C. 2014) ($854,623.90); *In re InPhonic, Inc.*, 674 F. Supp. 2d 273, 289 (D.D.C. 2009) ($453,885.31); *Dist. Cablevision L.P. v. Bassin*, 828 A.2d 714, 718 (D.C. 2003) ($425,916.25); *Jackson v. Byrd*, Civ. No. 01-825, 2004 WL 3249692, at *4 (D.C. Super. Ct. Sept. 2, 2004) ($196,000). These cases are representative of the substantial fees Travelers could recover were it to prevail on its claims, and further support removal under CAFA.

18. Accordingly, the total amount placed in controversy by Travelers' legal theories and allegations therefore exceeds $5,000,000, exclusive of interests and costs.

## II. THIS COURT HAS DIVERSITY JURISDICTION

This Court also has original jurisdiction over every civil action (1) between "citizens of different States" where (2) the amount "in controversy exceeds the sum or value of $75,000." Both requirements are satisfied in this action. 28 U.S.C. § 1332(a).

### A. The Parties Are Completely Diverse.

Complete diversity requires the citizenship of every plaintiff be different from the citizenship of every defendant. *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996). A party may remove an action based on diversity of citizenship if the action is between "citizens of different States." *Id.* For diversity purposes, a corporation is a "citizen" of every state by which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c). The jurisdictional requirement of complete diversity is satisfied because Travelers is a "Delaware exempt corporation which is registered as a foreign corporation in the District of Columbia" and is "based in Washington D.C., and Virginia" while Sonesta is incorporated in Maryland and maintains its principal place of business in Massachusetts. Compl. ¶¶ 12, 16.

7

B.     **The Amount in Controversy Exceeds $75,000.**

19.    As explained above, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Owens*, 574 U.S. at 89.  The Court, in determining the amount in controversy under diversity jurisdiction, may consider each category of relief plead by the lead plaintiff and aggregate the damages the lead plaintiff would be specifically entitled to.  *See, e.g., Clean Label Proj. Foundation v.*, 2021 WL 2809106, at *3 (noting that, "for the purpose of calculating the amount in controversy," the court would add together "injunctive relief, statutory damages, and attorneys' and expert fees"); *Zuckman v. Monster Beverage Corp.*, 958 F. Supp. 2d 293, 297 (D.D.C. 2013) (in evaluating the amount in controversy, the court considered the plaintiff's "claims for various types of relief: statutory damages, attorney fees, an injunction, and restitution").

20.    As explained above, Travelers seeks (1) injunctive relief, (2) actual damages; (3) treble or statutory damages; (4) punitive damages; and (5) attorneys' fees and costs.  *Id.* at 121.  Taken together, these categories of relief easily satisfy the requirement that the amount in controversy exceed $75,000.  Indeed, complying with the injunctive relief requested or the potential amount of attorneys' fees Travelers could obtain each exceed the jurisdictional threshold alone.

21.    Sonesta operates approximately 1,200 properties totaling 100,000 guest rooms. Sonesta complying with the injunctive relief requested would, at a minimum, require an overhaul of its website, advertisements, and the amount charged for each room.  *See supra* ¶ 17.  Sonesta's cost to comply with the injunctive relief would exceed the jurisdictional threshold of $75,000 if they spent just $62.50 per property, an amount that Sonesta would likely far exceed.

22. Further, Courts in CPPA cases commonly award attorneys' fees and expenses that range into the hundreds of thousands of dollars. *See supra* ¶ 19. These cases are representative of the substantial attorneys' fees Travelers could recover were it to prevail on its claims and exceeds the jurisdictional threshold alone.

23. Finally, the actual damages and statutory damages further support the requirement that the amount in controversy exceed $75,000. Indeed, ignoring actual damages, a single class member would be entitled to an additional "$1,500.00 per violation," at a minimum. *See supra* ¶¶ 14-15.

24. Accordingly, the total amount placed in controversy by Traveler's legal theories and allegations exceeds $75,000.

C.   **NON-WAIVER**

Sonesta, by submitting this Notice of Removal, does not waive any objections or defenses, including but not limited to personal jurisdiction defenses, and does not admit any of the allegations in the Complaint.

D.   **NOTICE OF REMOVAL**

25. Following the filing of this Notice of Removal in the United States District Court for the District of Columbia, the undersigned will provide written notice of such filing to Travelers' counsel of record, and a copy of the Notice of Removal will be filed with the clerk of the Superior Court of the District of Columbia in accordance with 28 U.S.C. § 1446(d).

E.   **CONCLUSION**

26. For the foregoing reasons, this Court has original jurisdiction over this action pursuant to 28 U.S.C. sections 1332(d) and (a). Sonesta therefore respectfully requests that this

action be removed to this Court from the Superior Court of the District of Columbia and prays for such other and further relief to which it may be entitled.

27. Sonesta respectfully requests the opportunity to present a brief, evidence, and oral argument in support of their position that this case is removable if any question arises as to the propriety of the removal of this action.

Dated: September 25, 2023

Respectfully submitted,

**DLA PIPER LLP (US)**

By: /s/ *David Horniak*
David Horniak (DC Bar No. 998649)
**DLA PIPER LLP (US)**
500 8th Street, NW
Washington D.C. 20004
(202) 799-4000
(202) 799-5000 (Fax)
david.horniak@us.dlapiper.com

Andrew J. Hoffman II, Esq. (DC Bar No. 992316)
Angela C. Agrusa, Esq.
(*pro hac vice* application forthcoming)
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067-4704
(310) 595-3000
(310) 595-3300 (fax)
andrew.hoffman@us.dlapiper.com
angela.agrusa@us.dlapiper.com

*Counsel for Defendant Sonesta International Hotels Corporation*

## CERTIFICATE OF SERVICE

I hereby certify on this 25th day of September 2023, I caused a true and correct copy of the foregoing to be served via USPS mail upon the following counsel of record:

Peter Silva
Hassan Zavareei
Leora Friedman
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue, NW, Suite 1010
Washington, DC 20006

Wesley M. Griffith
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612

/s/ *David Horniak*